**08 CV 6851**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

JOHN WILEY & SONS, INC. AND      :
THE MCGRAW-HILL COMPANIES, INC.,
                                 :
                Plaintiffs,
                                 :
      -against-                           08 Civ.
                                 :
TEXTBOOKXPRES, MENG LEE YAK,
CHARLES DAVID NANNEY, JR., AND   :
FOOKMOY WONG ALL D/B/A
TEXTBOOKXPRES D/B/A BESTBUY      :
D/B/A INTERNATIONALEDITION
AND JOHN DOES NOS. 1-5,          :

                Defendants.      :

- - - - - - - - - - - - - - - - - -x



## COMPLAINT

Plaintiffs John Wiley & Sons, Inc. ("Wiley") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned attorneys, for their complaint against defendants Textbookxpres, Meng Lee Yak, Charles David Nanney, Jr., and Fookmoy Wong all d/b/a Textbookxpres d/b/a BestBuy d/b/a InternationalEdition and John Does Nos. 1-5, aver:

### Nature of the Action

1.  Plaintiffs are bringing this action to enforce their copyrights against defendants' unlawful sale in the United States of non-United States versions of plaintiffs' educational books.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Parties

4. Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

5. McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

6. Upon information and belief, defendant Textbookxpres is a company whose principal place of business is 14781 Memorial Drive, Suite 1341, Houston, Texas 77079.

7. Upon information and belief, defendant Meng Lee Yak is a natural person residing at 14781 Memorial Drive, Suite 1341, Houston, Texas 77079.

8. Upon information and belief, defendant Charles David Nanney, Jr. is a natural person residing at 14781 Memorial Drive, Suite 1341, Houston, Texas 77079.

9. Upon information and belief, defendant Fookmoy Wong is a natural person residing at 1601 Hillcrest Drive, Apartment 30Y, Manhattan, Kansas 66502-2421.

10. Upon information and belief, defendants John Doe Nos. 1-5 are associates of the named defendants whose identities are currently unknown to plaintiffs.

### The Businesses of Plaintiffs

11. Each plaintiff publishes a variety of works, including educational books.

12. As a standard practice, each plaintiff requires its authors to assign the copyright to them or grant them the exclusive rights of reproduction and distribution in the United States. This practice enables each plaintiff to maximize dissemination of each work.

13. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

14. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and

would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

15. Plaintiffs' educational books authorized for sale in the United States are of the highest quality (the "United States Editions"). These books are generally printed with strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks. Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

16. Plaintiffs generally create different versions of their educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions"). The Foreign Editions differ from the United States Editions. The Foreign Editions often have thinner paper and different bindings, typically have different cover and jacket designs, often have fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions. Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website

4

passwords, or study guides. The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region. The Foreign Editions are uniformly manufactured outside of the United States.

## Plaintiffs' Copyrights

17. Plaintiffs routinely register their copyrights. Wiley has generally registered its copyrights in its works, including the works identified on Schedule A (the "Wiley Copyrights"). McGraw-Hill has generally registered its copyrights in its works, including the works identified on Schedule B (the "McGraw-Hill Copyrights").

## The Infringing Acts of Defendants

18. Defendants have without permission purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States through the Internet at the websites including, but not limited to, Valorebooks.com, Bookbyte.com, and Biblio.com using the usernames including, but not limited to, "Textbookxpres," "BestBuy" and "InternationalEdition" and the e-mail addresses including, but not limited to, bookbytecustomers @textbookxpres.com.

## A CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

19. Plaintiffs repeat the averments contained in paragraphs 1 through 18 as if set forth in full.

20. Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

21. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

22. The Wiley and McGraw-Hill Copyrights are valid and enforceable.

23. Defendants have infringed the Wiley and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

24. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Wiley and McGraw-Hill Copyrights.

25. Defendants have willfully infringed the Wiley and McGraw-Hill Copyrights.

26. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.   Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Wiley and McGraw-Hill Copyrights;

C.   Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

D.   Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505;

E.   Granting such other and further relief as to this

Court seems just and proper.

Dated:  New York, New York
        July 31, 2008

                                      DUNNEGAN LLC

                                      By /s/ William Dunnegan
                                         William Dunnegan (WD9316)
                                      Attorneys for Plaintiffs
                                        John Wiley & Sons, Inc., and
                                        The McGraw-Hill Companies, Inc.
                                      350 Fifth Avenue
                                      New York, New York 10118
                                      (212) 332-8300

Schedule A
"Wiley Copyrights"

<u>Title</u>     (<u>Date of Registration</u>)    (<u>Registration #</u>)

1. Chemical, Biochemical, and Engineering Thermodynamics (April 25, 2006) (TX0006328844)

2. Management (May 17, 2004) (TX0005964667)

3. Fundamentals of Fluid Mechanics (October 14, 2003) (TX0005811029)

4. Mechanics of Materials (June 19, 2006) (TX0006368212)

5. Control Systems Engineering (October 3, 2003) (TX0005800945)

6. Organic Chemistry (August 26, 2003) (TX0005788101)

7. Introduction to Statistical Quality Control (September 24, 2004) (TX0006032390)

8. Applied Statistics and Probability for Engineers (November 12, 2002) (TX0005612548)

9. Information Systems: A Management Approach (February 16, 1999) (TX0004927476)

10. Fundamentals of Heat and Mass Transfer (October 25, 2001) (TX0005457784)

Schedule B
"McGraw-Hill Copyrights"

<u>Title</u>    <u>Registration #</u>    <u>Date of Registration</u>

1. Financial Accounting (October 5, 2004)(TX0006036797)

2. Financial Statement Analysis and Security Valuation (February 5, 2001) (TX0005340372)